UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Larry MCNAIR, et al.,

          **Plaintiffs,**     12-CV-07055 (ALC)(SN)

     -against-           **REPORT &**
                      **RECOMMENDATION**
Warden Louis RIVERA, et al.,

          **Defendants.**

-----------------------------------------------------------------X

**TO THE HONORABLE ANDREW L. CARTER, JR.:**

**SARAH NETBURN, United States Magistrate Judge:**

  On May 22, 2013, the Court issued a scheduling order requiring that all *pro se* plaintiffs – except for Larry McNair – file notices of appearance by June 19, 2013. On May 30, 2013, Tahim Small and Jeffrey Annunziata submitted their notices of appearance. On June 5, 2013, Christopher Keppel filed his notice of appearance. On June 20, 2013, Wallace McCollough filed his notice of appearance. Because Fernando Lopez and Chason Alston have not filed notices of appearance, I recommend that they be dismissed from this case *sua sponte*, but without prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b); see also Townsend v. Rosario, 05 Civ. 0588 (RJH)(DCF), 2006 WL 572713, at *1 (S.D.N.Y. Mar. 7, 2006) (adopting recommendation that complaint be dismissed *sua sponte* pursuant to Rule 41).

**DISCUSSION**

  A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). If a plaintiff fails to do so, however, the Court may dismiss his claim, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to

prosecute. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." Hill v. City of New York, 10 Civ. 2238 (RJS)(DCF), 2011 WL 2228109, at *3 (S.D.N.Y. June 6, 2011) (adopting recommendation that case be dismissed for failure to prosecute; citation omitted).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, Fed. R. Civ. P. 41(b), the Court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Moreover, the Court is not required to provide notice of the dismissal. See Townsend, 2006 WL 572713, at *3. "[S]uch dismissal is largely a matter of the judge's discretion." See id. (citation omitted).

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the [C]ourt balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the [C]ourt adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000).

Lopez's and Alston's names appeared in this case for the first time in the caption of the Second Amended Complaint, which they apparently signed. Other than signing the Second Amended Complaint, however, they have made no other indication of their desire to proceed with this litigation. Following a May 17, 2013 Initial Pretrial Conference, McNair appeared alone and advised the Court and defendants that other plaintiffs wished to proceed with the case, and accordingly the Court issued an order requiring all named plaintiffs to file a notice of appearance. That order also indicated that the failure to file a notice of appearance by June 19, 2013, might result in dismissal of the action. Many plaintiffs filed a notice of appearance but Lopez and Alston did not. It appears now that both individuals have been transferred to other facilities (to which this report and recommendation will be

sent). This report provides Lopez and Alston with one last notice and opportunity to be heard before the District Judge. Defendants will not be prejudiced by the dismissal of these plaintiffs, but the Court has a strong interest in dismissing parties that do not pursue their claims. Because plaintiffs did not respond to the May 22, 2013 Order and have displayed no interest in pursuing their case, lesser sanctions would not be appropriate.

## CONCLUSION

For these reasons, I recommend that *pro se* plaintiffs Fernando Lopez and Chason Alston be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

\*     \*     \*

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Andrew L. Carter, Jr. at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Carter. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     New York, New York
           August 5, 2013

cc:  Larry McNair
ID# 8951200419
A.M.K.C. C-95
18-18 Hazen Street
East Elmhurst, NY 11370

Fernando Lopez
13-R-1164
Gouverneur Correctional Facility
112 Scotch Settlement Road
P.O. Box 370
Gouverneur, NY 13642-0370

Jeffrey Annunziata
13-R-1585
Cape Vincent Corr. Facility
P.O. Box 599
Cape Vincent, NY 13618

Wallace McCollough
895-1201-514
A.M.K.C. C-95
18-18 Hazen Street
East Elmhurst, NY 11370

Christopher Keppel
349-1213-165
A.M.K.C. C-95
18-18 Hazen Street
East Elmhurst, NY 11370

Chason Alston
13-R-1383
Ogdensburg Correctional Facility
One Correction Way
Ogdensburg, New York 13669-2288

Tahim Small
349-1213-611
A.M.K.C. C-95
18-18 Hazen Street
East Elmhurst, NY 11370